UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SRIKANTH SREEDHAR,<br><br>       Plaintiff,<br><br>  -against-<br><br>ROBERT M. FARRELL, CLERK OF COURT, US DISTRICT COURT FOR MA,<br><br>       Defendant. | 25-CV-1989 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff brings this *pro se* action under the Court's federal question jurisdiction and diversity jurisdiction, alleging that Defendant violated federal criminal statutes. Named as Defendant is Robert M. Farrell, the Clerk of Court for the United States District Court for the District of Massachusetts in Boston. Plaintiff's claims arise out of litigation in that court. Plaintiff resides in India, and claims to be a resident of Massachusetts. He provides a Massachusetts address for Defendant. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Massachusetts.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, a citizen of Massachusetts who currently resides in India, alleges that his rights were violated in connection with litigation taking place in the federal court in Boston, Massachusetts. He does not plead the residence of the defendant, only asserting that the alleged events giving rise to his claims occurred in Boston, Massachusetts. Because Defendant is employed in the federal court in Boston, Massachusetts, and the alleged events occurred there, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Boston, Massachusetts, which is in the District of Massachusetts. *See* 28 U.S.C. § 101 Accordingly, venue lies in the District of Massachusetts, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Massachusetts, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Massachusetts. All pending matters will be determined to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 14, 2025
         New York, New York

                                                   /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                                   Chief United States District Judge